# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

          Plaintiff,

v.                                  **Case No. 12-C-0310**
                                      **(Criminal Case No. 08-Cr-190)**

**CANDELIL RODRIGUEZ,**

          Movant.

# DECISION AND ORDER

Pro se Movant Candlil Rodriguez ("Rodriguez"), who is incarcerated at the Federal Correctional Institution in Beaumont, Texas, has a pending motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, as supported by the following orders issued by the Court of Appeals for the Seventh Circuit: (1) a December 7, 2011, order and notice of issuance of the mandate dismissing Rodriguez's appeal in Appeal No. 11-1590 for failure to file a brief; (2) a February 10, 2012, order in Appeal No. 11-1590, in response to an inquiry by Rodriguez advising him that his appeal had been closed, the lawyer who had been representing him had been disbarred on February 2, 2012, and he could file a collateral attack

seeking relief based on ineffective assistance of counsel;[1] and (3) the February 2, 2012, disciplinary order regarding his former attorney.

Rodriguez contends that counsel was ineffective in violation of his Sixth Amendment right to counsel for the following reasons: (1) she failed to pursue his appeal and ultimately abandoned his direct appeal; and (2) she failed to investigate, conduct proper research, or make proper arguments and objections with regard to obstruction of justice and leadership role enhancements and drug quantity, "and [that Rodriguez's] sentence was procedurally and substantively unreasonable." Upon initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court directed the United States to file an answer and set a deadline for former counsel to respond to the issues raised by the motion.

Former counsel did not file any documents in response to the Court's order. The United States did not file an answer as directed. Instead, it filed a letter requesting that the Court grant Rodriguez's initial request to vacate and reinstate his conviction. The government relies upon *Rodriquez v. United States*, 395 U.S. 327, 332 (1969), that makes it clear that the default of an appeal by constitutionally defective counsel requires entry of a new judgment for the purpose of permitting the perfection of an appeal. *See id.* (remanding the case "to the District Court where petitioner should be resentenced so that he may perfect an appeal in the manner prescribed by the applicable rules"). The Government indicates that the Court could,

---

[1]The decision on the order to show issued to former counsel is reported at *In re Boyle-Saxton*, 668 F.3d 471 (7th Cir. 2012).

without a hearing, vacate and then reinstate Rodriguez's conviction effectively resetting the clock for appellate purposes.

Rodriguez has filed a reply indicating that he concurs with the Government's proposal. He also requests that the remaining claims of his § 2255 motion be dismissed. In addition, Rodriguez requests that he be permitted to proceed *in forma pauperis* on appeal. He indicates that he has asked the Clerk of Court to mail him the appropriate form.

In *United States v. Sura*, 511 F.3d 654, 663 (7th Cir. 2007), the Court of Appeals stated, "this court has held that if a defendant tells a lawyer to appeal and the lawyer drops the ball, then the defendant has been deprived of his Sixth Amendment right to assistance of counsel," citing *Castellanos v. United States*, 26 F.3d 717, 718-19 (7th Cir. 1994). Moreover, when a lawyer has failed to file notice of appeal upon her client's request, the court routinely grants motions under 28 U.S.C. § 2255 and allows the appeal process to go forward. *Id*. (citing *Rodriquez*, 395 U.S. at 327). Here, counsel filed a notice of appeal; however, she abandoned her client and did not pay the filing and docketing fees or file an opening brief. *See In re Boyle-Saxton*, 668 F.3d at 471.

Having considered the parties' positions and the applicable law, this Court grants Rodriguez's motion to the extent that Rodriguez's conviction is vacated and reinstated in its entirety for the sole purpose of restarting the time for appeal. The Clerk of Court must enter a new criminal judgment against Rodriguez that includes all the terms and conditions of the original criminal judgment entered on March 7, 2011. The terms of that new criminal

3

judgment are in effect retroactively. Furthermore, given Rodriguez's stated intent to appeal his new criminal judgment of conviction, the Clerk of Court must file a notice of appeal on Rodriguez's behalf that reiterates the grounds for appeal as stated in his March 7, 2011, notice of appeal. The other ground raised by Rodriguez's motion for relief under § 2255, is dismissed as premature. Rodriguez's § 2255 motion does not count as an initial § 2255 motion with respect to any later § 2255 motion challenging the newly imposed criminal judgment of conviction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Rodriguez's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence is **GRANTED** to the extent that Rodriguez's conviction **IS VACATED AND REINSTATED IN ITS ENTIRETY FOR THE SOLE PURPOSE OF RESTARTING THE TIME FOR APPEAL** and the other ground raised by Rodriguez for relief under § 2255 is **DISMISSED AS PREMATURE**.

The motion which commenced this action does not count as an initial § 2255 motion with respect to any later § 2255 motion challenging the newly imposed criminal judgment of conviction.

The Clerk of Court **IS DIRECTED TO ENTER** a new criminal judgment against Rodriguez that includes all the terms and conditions of the original criminal judgment

4

entered on March 7, 2011, with the term of the sentence and conditions imposed to be in effect retroactively to the date the original conviction was entered.

Following the entry of the new criminal judgment, the Clerk of Court **MUST FILE** a notice of appeal from that judgment on behalf of Rodriguez that reiterates the following grounds for appeal stated in his March 7, 2011, notice of appeal: "AS GROUNDS FOR APPEAL the Defendant asserts, *inter alia*, that the District Court erred in the following: 1) the District Court misused its discretion at the time of the imposition of sentence, 2) the Defendant wants to exercise his right to appeal."

The Clerk of Court is **DIRECTED** to enter a civil judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**